IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FAIR HOUSING ADVOCATES ASSOC.,

      Plaintiff,

      v.

NPA HOUSING PROPERTY, LLC, et al.,

      Defendants.

Case No. 2:09-cv-538
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Strike All of Part of Defendants' Rule 68 Offer of Judgment and Motion for Sanctions (Doc. # 14) and Defendants' memorandum in opposition (Doc. # 17). For the reasons that follow, this Court finds the combined motion not well taken but *sua sponte* strikes the offer of judgment.

### I. Background

Defendant NPA Housing Property, LLC owns and manages an apartment complex located at 1991 North Fourth Street in Columbus, Ohio. Northwest Property Management, LLC and Duane Braun are also alleged to have a role in operating this business. Plaintiff, Fair Housing Advocates Association, alleges that Defendants operate their rental housing business in contravention of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, by giving rent discounts to individuals affiliated with the Xenos Church. Plaintiff initiated the instant action on June 29, 2009, asserting claims under 42 U.S.C. § 3604(b) for discrimination based on religion and under 42 U.S.C. § 3604(c) for making statements indicating a preference based on religion. (Doc. # 1.)

On November 3, 2009, Defendants filed a Federal Rule of Civil Procedure 68 offer of judgment on the court docket. (Doc. # 13.) Plaintiff subsequently filed a combined motion to

strike the offer of judgment and to sanction Defendants for filing the offer on the docket, as well as for the content of the offer. (Doc. # 14.) The parties have completed briefing the issues involved, and the motion is now ripe for disposition.

## II. Discussion

Plaintiff asks this Court to strike the offer of judgment or order it withdrawn because it was filed with the Court and contains ambiguous language that Plaintiff asserts is contradictory. The mechanism through which Plaintiff asserts its request is Federal Rule of Civil Procedure 12(f). That rule permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is thus confined on its face to pleadings.

A Rule 68 offer of judgment is not a pleading. *See* Fed. R. Civ. P. 7(a) (identifying pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a court-ordered reply to an answer). Plaintiff therefore cannot use Rule 12(f) to strike the offer of judgment. *See Tillman v. Calvary Portfolio Servs., LLC*, No. CV-08-8142-PCT-DGC, 2009 WL 510921, at *1-2 (D. Ariz. Feb. 27, 2009) (declining to strike an offer of judgment pursuant to Rule 12(f) because the offer is not a pleading); *cf. Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (declining to strike an attachment to a Rule 12(b)(6)/Rule 56 motion pursuant to Rule 12(f) because the attachment was not part of the pleadings). Accordingly, the Court **DENIES** the motion to strike.

The fact that the Rule 68 offer of judgment is not subject to a motion to strike under Rule 12(f) does not mean that the offer resides on the docket safely. Although Defendants are correct

that Federal Rule of Civil Procedure 5(b)(2)(E) contemplates service by electronic means, such as by filing a document on the Court's CM/ECF filing system, Defendants overlook that this rule must be read in light of Rule 68 when an offer of judgment is involved. Both the current and former versions of Rule 68–the latter of which was in effect at the time of filing of the offer of judgment at issue here–set forth a multi-step process: a defendant first serves the offer of judgment on a plaintiff and "[i]f . . . the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service." Fed. R. Civ. P. 68(a). Both versions of Rule 68 also provide for a similar multi-step process when an offer is rejected; the rejected offer may become relevant in a subsequent proceeding to determine costs. *See* Fed. R. Civ. P. 68(b) & (d). Thus, the specific filing provision of Rule 68 trumps the general electronic service via filing with a court permitted by Rule 5 and local rule. *See Kerns v. Pro-Form of S. Alabama, Inc.*, No. 06-0431-WS-B, 2007 WL 2710372, at *1 n.2 (S.D. Ala. Sept. 13, 2007) (explaining that filing an offer of judgment with a court when the offer is first made is "improper . . . given the plain language of Rule 68 that offers of judgment are not to be filed unless accepted or for use in motion practice concerning taxation of costs"). What this means is that although Rule 12(f) does not provide a mechanism for remedying Defendants' filing error, the Court will *sua sponte* act to remedy the filing issue.

Because Defendants should not have filed the Rule 68 offer on the docket, the Court **STRIKES** the filing and notes that Plaintiff need not respond to the invalid offer. (Doc. # 13.) Plaintiff asserts in its briefing that the erroneous filing has "poisoned potential jurors and the Plaintiff in the administration of this case." (Doc. # 14, at 4.) Such overblown rhetoric is without apparent cause. This Court doubts that citizens, aware that they might one day

potentially be called for jury service, are obtaining PACER accounts and trolling the docket for interesting filings in random cases. The Court is equally skeptical that Plaintiff cannot recover from Defendants' error. In the interest of placing Plaintiff at ease, however, this Court **ORDERS** that the Clerk place under seal the stricken offer of judgment, which although stricken should remain on the docket for purposes of appeal. (Doc. # 13.)

This leaves for discussion Plaintiff's request for sanctions. Plaintiff asks for sanctions in the first paragraph of its filing "[p]ursuant to Rule 11 and 28 U.S.C. § 1927" for making "an initial offer of judgment in a public pleading" and for making the offer "conditioned on a *non-admission* of liability, an inherent contradiction." (Doc. # 14, at 1.) In its accompanying memorandum in support, Plaintiff later states that it "seeks sanction under Rule 37, which requires consultation between counsel before filing a discovery motion." (Doc. # 14, at 3.)

No sanctions are warranted here. First, Plaintiff complains that the offer of judgment is ambiguous and contradictory in that it fails to concede liability; Plaintiff also complains that the offer does not account for the equitable and declaratory relief sought in the complaint. But a valid offer of judgment need not include an admission of liability or provide for each form of relief requested by a plaintiff. *See Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-0913-D, 2005 WL 1867292, at *19-20 (N.D. Tex. Aug. 5, 2005) (collecting authority supporting stated propositions). Second, Plaintiff has failed to present a persuasive case for why Defendants' filing error necessitates sanctions.

Plaintiff fails to explain why Rule 11 is an appropriate mechanism for sanctions. The Local Civil Rules provide that "[a]ll Motions . . . shall be accompanied by a memorandum in support thereof which shall be a brief statement of the grounds, with citation of authorities relied

4

upon." S. D. Ohio Civ. R. 7.2(a)(1). Failing to provide a specific argument as to why Rule 11 sanctions are warranted does not constitute the requisite brief statement of the rationale underlying the motion. Such an unsupported motion justifies denial. *See Lyon v. Yellow Transp., Inc.*, No. 2:08-cv-464, 2009 WL 1604807, at *6 (S.D. Ohio June 8, 2009). Moreover, the filing error involved here does not rise to the level of sanctionable conduct under Rule 11.

Equally unsuccessful is Plaintiff's reference to Rule 37. That rule compels sanctions for obstructions to the discovery process. *See, e.g.*, *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003) (stating that courts may use Rule 37 to impose fees and costs incurred by a party in filing a motion to compel a discovery sanction, but not for other expenses such as defending motions for reconsideration). Plaintiff acknowledges that Rule 37 relates to motions regarding discovery. Although Plaintiff arguably provides some limited argument in support of Rule 37 sanctions, Defendant's Rule 68 filing error is unrelated to discovery. This Court therefore declines to impose sanctions pursuant to Rule 37.

Finally, the Court in its discretion concludes that Defendants' filing error does not rise to the level of unreasonably or vexatiously multiplying these proceedings so as to necessitate sanctions under § 1927. To the extent that Defendant's error prompted otherwise unnecessary motion practice and briefing by Plaintiff, Plaintiff's error in moving to strike under Rule 12(f) also prompted otherwise unnecessary briefing on Defendants' part. Neither error warrants sanctions. The Court therefore **DENIES** the motion for sanctions.

### III. Conclusion

For the foregoing reasons, this Court **DENIES** Plaintiff's Motion to Strike All of Part of Defendants' Rule 68 Offer of Judgment and Motion for Sanctions. (Doc. # 14.) The Court *sua*

*sponte* **STRIKES** the offer of judgment and **ORDERS** the Clerk to place the offer under seal. (Doc. # 13.)

    **IT IS SO ORDERED**.

                                  /s/ Gregory L. Frost
                                GREGORY L. FROST
                                UNITED STATES DISTRICT JUDGE